IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TARJA V. MAKINEN, | ) | Case No. 07-01814- RWR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RIDGEVIEW INSTITUTE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF
RIDGEVIEW INSTITUTE, INC.'S MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff Tarja V. Makinen ("Plaintiff") brings this action against Ridgeview Institute, Inc., a psychiatric and addiction treatment hospital located in Smyrna, Georgia ("Ridgeview"), alleging that Ridgeview is responsible for the presence of a "little chip" in her brain which receives messages from the outside and allows others to read her brain activity. See Complaint at 2. She seeks damages in excess of $100,000,000.00 and requests this Court to order Ridgeview to stop these "'treatments' and all broadcasting from [her] brain." See Complaint at 2. Ridgeview brings this Motion to Dismiss showing that Plaintiff's Complaint fails to state a claim upon which relief may be granted, fails for lack of jurisdiction, and as Plaintiff admits, is barred by the statute of limitations. As a result, Plaintiff's Complaint must be dismissed.

**ARGUMENT**

A.  **PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

To satisfy the pleading requirements of Federal Rule of Civil Procedure Rule 8(a)(2), a complaint must contain a short and plain statement of the claims and must differentiate "which

allegations of fact are intended to support which claim(s) for relief." Heard v. Nix, 170 Fed. Appx. 618, 619 (11th Cir. 2006) (citing Strategic Income Fund v. Spear, Leeds & Kellogg, 305 F.3d 1293, 1295 (11th Cir. 2002); see also Smith v. King, No. CV505-041, 2005 WL 2406153, slip op. (S.D. Ga. 2005) (dismissing complaint for failing to set forth a short and plain statement of the claim). To satisfy Rule 8, a complaint must contain "more than bare assertions of legal conclusions." See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). "[A]llegations respecting all the material elements to sustain a recovery under some viable legal theory must be pled." See id. at 436-37.

Although Plaintiff is proceeding *pro se*, she was still required to satisfy the fundamental pleading requirements of Rule 8. See McNeil v. United States, 508 U.S. 106, 113 (1993). Plaintiff failed to satisfy these requirements.

First, Plaintiff has failed to clearly identify any judicially recognized claim or claims. Second, in violation of Rule 8, Plaintiff failed to plead any specific facts to support a claim against Ridgeview. Finally, although her Complaint includes numerous statements relating to alleged violations, Plaintiff's Complaint fails to allege any injury caused by any specific wrongful or tortious conduct of Ridgeview, much less any particular theory for relief. Where a complaint omits allegations relating to material elements of a claim, dismissal under Rule 12(b)(6) is appropriate. See Smith, No. CV505-041, 2005 WL 2406153, slip op.

B. **PLAINTIFF FAILS TO SUFFICIENTLY PLEAD THE COURT'S SUBJECT MATTER JURISDICTION OF THIS ACTION.**

Plaintiff fails to state in her Complaint any basis of federal subject matter jurisdiction. Pursuant to 28 U.S.C. § 1331, federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2005). Jurisdiction based upon a federal question will only lie where a controverted question of federal

Case 1:07-cv-01814-RWR   Document 6   Filed 12/10/2007   Page 3 of 10

law forms "a substantial part of the plaintiff's case." See Mills v. Brown 372 F.Supp.2d 683 (D.R.I 2005) (citing McFaddin Express, Inc. v. Adley Corp., 240 F. Supp. 791, 794 (D. Conn, 1965) (quoting, Gully v. First Nat'l Bank, 299 U.S. 109, 57 S.Ct. 96 (1936)).

Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction." F.R.C.P. 8(a)(1). Additionally, it is a plaintiff's burden to establish that the district court has subject matter jurisdiction. See Kornegay v. AT&T, Not Reported in F.Supp.2d, 2006WL 825622 (D.D.C.) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); Kean for Congress Committee v. Fed. Election Comm'n, 398 F.Supp.2d 26, 31 (D.D.C. 2005); Mills at 688 ("A party seeking relief in a district court must at least plead facts which bring the action within the court's jurisdiction.").

Plaintiff's Complaint fails to identify or set forth any facts that show a violation of or implicate any applicable federal law or regulations. As stated above, Plaintiff has also failed to allege or demonstrate that she has been injured due to any alleged federal law violations.[1] Thus, Plaintiff fails to satisfy Rule 8(a)'s pleading requirement of stating the grounds upon which the court's jurisdiction depends. Where as here, a complaint fails to plead such grounds, the case must be dismissed. See F.R.C.P. 12(b)(1), 12(b)(h)(3); see Mills at 688 (citing Gray v. Internal Affairs Bureau, 292 F.Supp.2d 475, 476 (D.N.Y. 2003) (holding that failure to plead facts which would bring the action within the court's subject matter jurisdiction warrants dismissal of the action)).

Similarly, there is a failure to plead diversity jurisdiction. For purposes of determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has

---

[1] The only reference to a federal question anywhere on the Plaintiff's filing is a reference to "Other Civil Rights" on the civil cover sheet. This is insufficient to satisfy any pleading requirements.

3

been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c). District of Columbia courts require a plaintiff seeking the exercise of diversity jurisdiction to plead the citizenship of each party to the action. See Novak v. Capital Management and Development Corp., 452 F.3d 902 (D.D.Cir. 2006) (citing Naartex Consulting Corp. v. Watt, 722 F.2d 779, 792 n. 20 (D.C.Cir. 1983). A properly pleaded diversity action must contain "a statement of . . . the corporations' states of incorporation and their principal places of business." See Novak at 907-07 (quoting District of Columbia ex rel. Am. Combustion, Inc. v. Transamerica Ins. Co., 797 F.2d 1041, 1043-44 (D.C.Cir. 1986). Plaintiff's complaint does not include any statement regarding Ridgeview's state of incorporation and principal place of business. For this reason alone, Plaintiff has failed to make the requisite showing of diversity and her Complaint must be dismissed.

C.  **THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER RIDGEVIEW.**

District courts are permitted to exercise personal jurisdiction over a non-resident defendant *only* if the non-resident is subject to the jurisdiction of the forum state. Omni Capital International v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 108 S. Ct. 404, 98 L.Ed.2d 415 (1987). The plaintiff carries the burden of establishing personal jurisdiction once the defendant has timely raised the issue. Reuber v. United States, 787 F.2d 599 (D.C. Cir. 1986); see also Naartex Consulting Corp. v. Watt, 722 F.2d 779, 787 (D.C. Cir. 1983), cert. denied, 467 U.S. 1210, 104 S. Ct. 2399 (a conclusory statement does not constitute the prima facia showing necessary to carry the burden of establishing personal jurisdiction); Yarbrough v. Elmer Bunker & Assoc., 669 F.2d 614, 616 (10th Cir. 1982) (plaintiff has the burden of pleading and proving the existence of facts invoking the jurisdiction of the court); Greenspun v. Del. E. Webb Corp., 634 F.2d 1204, 1208 n.5 (9th Cir. 1980) (plaintiff must allege specific acts connecting defendant with

4

the forum); International Placement & Recruiting v. Reagan Equipment Co., 592 F. Supp. 1252, 1254 (E.D. Wis. 1984) (plaintiff has the burden to show that the defendant had the requisite contacts with the state to justify the exercise of the court's long-arm jurisdiction); McCabe v. Kevin Jenkins & Associates, Inc., 531 F. Supp. 648, 651 n.2 (E.D. Pa. 1982) (plaintiff has the burden of pleading and proving facts establishing the court's jurisdiction over the defendant).

The Complaint fails to allege any sufficient facts to fulfill the plaintiff's requirements under the applicable District of Columbia jurisdictional statutes and under the principles of due process. The Declaration of Frank Sartor, Secretary of Ridgeview Institute, Inc., establishes conclusively that Ridgeview is not subject to jurisdiction in the District of Columbia. See Declaration of Frank Sartor (Dec. of Sartor), attached hereto. As set forth in Mr. Sartor's affidavit, Ridgeview has never had an authorized agent for service of process in the District of Columbia. (Dec. of Sartor, ¶ 4). Ridgeview has never owned or leased any real or personal property in the District of Columbia. (Dec. of Sartor, ¶ 5). Ridgeview has never maintained an office in the District of Columbia. (Dec. of Sartor, ¶ 6). Ridgeview has never maintained any bank accounts in the District of Columbia. (Dec. of Sartor, ¶ 7). Ridgeview has never had any employees based in the District of Columbia. (Dec. of Sartor, ¶ 8). Ridgeview has never maintained any type of listing in the local telephone books for the District of Columbia. (Dec. of Sartor, ¶ 9). Ridgeview has never conducted any publicity or advertising activities in the District of Columbia. (Dec. of Sartor, ¶ 10). Ridgeview is not engaged in the continuing and systematic conduct of business in the District of Columbia. (Dec. of Sartor, ¶ 11).

Mr. Sartor's Declaration demonstrates that the assertion of personal jurisdiction over Ridgeview is unwarranted since Ridgeview does not avail itself of the privilege of conducting business within the District of Columbia, let alone purposefully availing itself of or invoking the

benefits and protections of District of Columbia law. The facts are clear and unequivocal: Ridgeview is a foreign corporation which has no officers, property or employees in the District of Columbia and does not solicit any business or advertise in the District of Columbia. (Dec. of Sartor, ¶ 12). Clearly, under these circumstances, Ridgeview is not subject to jurisdiction in the District of Columbia.

Furthermore, the Declaration of Frank Sartor confirms that none of the activities which make up the allegations of the Complaint occurred in the District of Columbia. Ridgeview never provided any services to the Plaintiff in the District of Columbia. (Dec. of Sartor, ¶ 13). Ridgeview never had any direct or indirect, oral or written communications with the Plaintiff with respect to any services or treatment of Plaintiff in the District of Columbia. (Dec. of Sartor, ¶ 14). Ridgeview has never had any contacts with the District of Columbia which relate in any way to the allegations made against it by Plaintiff. (Dec. of Sartor, ¶ 15). Accordingly, specific jurisdiction is not present in this case because Plaintiff's claims against Ridgeview do not arise out of or relate to any contacts in the District of Columbia. See Schafer, 433 U.S. 186 (1977). Since the required link between Ridgeview's contacts with the District of Columbia and the Plaintiff's claims is absent, there is absolutely no constitutional basis for this court to exercise jurisdiction over Ridgeview.

Finally, the "inconveniences which would result to the defendant from a trial away from its 'home' or principal place of business," are great, the District of Columbia is not the most convenient forum for Ridgeview to defend this case. See International Shoe, 326 U.S. at 317. Ridgeview is a Georgia corporation with its principal place of business in Georgia. (Dec. of Sartor, ¶ 3). Ridgeview does not have an authorized agent or an office, property, or employees in the District of Columbia. (Dec. of Sartor, ¶ 12). All of Ridgeview's employees, presumably

6

one or more of which would offer testimony in this case, reside outside of the District of Columbia. (Dec. of Sartor, ¶ 16). Fundamental fairness dictates that Ridgeview should not be forced to defend this suit in this completely foreign forum.[2]

D.  **ANY MALPRACTICE CLAIM WOULD BE BARRED BY THE STATUTE OF LIMITATIONS AS ACKNOWLEDGED IN PLAINTIFF'S COMPLAINT.**

In her Complaint, Plaintiff indicates that she has talked to several attorneys about bringing a claim for malpractice. To the extent this Court construes any of Plaintiff's allegations as an attempt to state a claim for malpractice, the Complaint acknowledges that such claims are barred by the statute of limitations and therefore cannot state a claim upon which relief could be granted. On page 2 of the Complaint, Plaintiff alleges that Ridgeview installed "some type of 'little chip' in my brain, what receives messages outside and also let other reading all activity what happening there." The next sentence acknowledges that she has no claim. Plaintiff states: "I have been several times looking for lawyer to get help to this problem, but they told me medical malpractise[sic] cases coming too old so soon and before I get over that fear and find out what happen later, it was too late to complain about treatment." Based on the contained acknowledgment that any complaint as to treatment would be time barred, Plaintiff's Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Ridgeview respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice or, in the alternative, transfer this case to the U.S. District Court for the Northern District of Georgia.

---

[2] Even if the Court finds that it has jurisdiction over this claim, venue is inappropriate under 28 U.S.C.A. § 1391 due to Ridgeview's absence of any contacts with the forum. Should the Court so hold, Ridgeview hereby requests that this Court transfer this case to the U.S. District Court for the Northern District of Georgia.

Respectfully submitted, this 10th day December, 2007

RIDGEVIEW INSTITUTE, INC.
By Counsel

_____/s/ John E. Coffey_____
John E. Coffey (D.C. Bar # 434120)
REED SMITH LLP
3110 Fairview Park Dr.
Suite 1400
Falls Church, VA 22042
Telephone: (703)641-4209


_____/s/ John W. Ray, Jr._____
John W. Ray, Jr. (Ga. Bar # 596262)
RAY & SHERMAN, LLC
One Securities Centre
3490 Piedmont Road, Suite 700
Atlanta, Georgia 30305

Counsel for Ridgeview Institute, Inc

## **CERTIFICATE OF SERVICE**

This is to certify that I have this 10th day of December, 2007 served Plaintiff in the foregoing matter with a copy of Ridgeview Institute, Inc.'s MEMORANDUM IN SUPPORT OF RIDGEVIEW INSTITUTE, INC.'s MOTION TO DISMISS, and DECLARATION OF FRANK SARTOR, by depositing a copy of same in the United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon addressed to:

>Ms. Tarja V. Makinen
>1101 E. Tropicana Avenue
>Apartment 2148
>Las Vegas, NV 89119

_____/s/ John E. Coffey_____
John E. Coffey

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TARJA V. MAKINEN, | ) | Case No. 07-1814- RWR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RIDGEVIEW INSTITUTE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF FRANK SARTOR**

I, Frank Sartor, pursuant to the provisions of 28 U.S.C. 1746 and LCvR 5.1(h), state as follows:

1. My name is Frank Sartor and I am a resident of Georgia. I am competent to testify and I am suffering from no legal disability whatsoever. All of the matters stated in this affidavit are based upon my personal knowledge.

2. I am the Secretary for Ridgeview Institute, Inc. ("Ridgeview"). I am authorized to execute this affidavit on behalf of Ridgeview.

3. Ridgeview is a company existing under the laws of Georgia with its principal office and principal place of business in Georgia at 3995 South Cobb Drive, S.E., Smyrna, Georgia, 30080-6342.

4. Ridgeview has never had an authorized agent for service of process in the District of Columbia.

5. Ridgeview has never owned or leased any real or personal property in the District of Columbia.

6. Ridgeview has never maintained an office in the District of Columbia.

7. Ridgeview has never maintained any bank accounts in the District of Columbia.

8. Ridgeview has never had any employees based in the District of Columbia.

9. Ridgeview has never maintained any type of listing in the local telephone books for the District of Columbia.

10. Ridgeview has never conducted any publicity or advertising activities in the District of Columbia.

11. Ridgeview is not engaged in the continuing and systematic conduct of business in the District of Columbia.

12. Ridgeview is a Georgia corporation which has no authorized agent or an office, officers, property or employees in the District of Columbia and does not solicit any business or advertise in the District of Columbia.

13. Ridgeview never provided any services to the Plaintiff, Tarja V. Makinen, in the District of Columbia.

14. Ridgeview never had any direct or indirect, oral or written communications with Ms. Makinen with respect to any services or treatment of Ms. Makinen in the District of Columbia.

15. Ridgeview has never had any contacts with the District of Columbia which relate in any way to the allegations made against it by Ms. Makinen.

16. All of Ridgeview's employees who would testify regarding the alleged incident reside outside of the District of Columbia.

17. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could competently testify as to the matters set forth herein.

18.  I declare under penalty of perjury that the foregoing is true and correct.

Executed on December  7 , 2007.

                                                                                                       _____
                                                                                                       FRANK SARTOR

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TARJA V. MAKINEN, | ) | Case No. 07-01814- RWR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RIDGEVIEW INSTITUTE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF DISMISSAL**

UPON MOTION of the Defendant to dismiss the Complaint, and

IT APPEARING to the court that the Plaintiff's Complaint should be dismissed with prejudice,

IT IS HEREBY ORDERED that the Complaint be, and the same is hereby, dismissed in its entirety with prejudice.

ENTERED THIS ___ day of _____, 200____.

_____
Judge, United States District Court
for the District of Columbia

Parties and Attorneys to be notified:

John E. Coffey
REED SMITH LLP
3110 Fairview Park Drive
Suite 1400
Falls Church, VA 22042
Counsel for Defendant

John W. Ray, Jr.
RAY & SHERMAN, LLC
3490 Piedmont Road
Suite 700
Atlanta, GA 30305
Counsel for Defendant

Tarja V. Makinen
1101 East Tropicana Avenue
Apartment 2148
Las Vegas, NV 89119
Plaintiff *Pro Se*